UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**FREDDIE HAYWOOD,**

    **Movant,**

**v.**                                        **Case No. 2:07-cv-00144**
                                             **Case No. 2:06-cr-00146**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On March 7, 2007, Movant filed a hand-written "Motion for Correction or Reduction of Sentence," which he described as filed "pursuant to Federal Rules Criminal Procedure Rule 35.B. on 'Reduction of Sentence'" (docket # 38). Movant seeks a reduction in his Criminal History Category and resentencing. Id. By Order entered March 28, 2007, the court construed the document to be a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and directed the United States to file a response (# 41). Since that date, the Fourth Circuit issued its decision in United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008), which requires that prisoners be notified of and given an opportunity to object to a court's recharacterization, as a § 2255 motion, of a document they file, with an appropriate warning of the possible adverse consequences. Movant was not provided with such a notice; thus the court will not construe his motion as a § 2255 motion.

Movant's motion indicates that he was sentenced to 121 months in prison, based upon his placement in Criminal History Category II. Movant states that he was placed in Category II because of a ticket he received in Hanging Rock, Ohio for possession of marijuana. The motion alleges that the subject ticket or conviction has now been expunged from his record, and Movant seeks a reduction in his sentence based on his placement in Criminal History Category I.

The United States was directed to file a response, to include copies of the records from Movant's Ohio criminal proceeding. The response was filed on April 23, 2007, and provides compelling evidence that Movant's conviction in Hanging Rock, Ohio was not expunged (# 42). Movant did not file a reply to the government's response. The court notes that Movant's conviction was final in December, 2006, before the alleged expungement of the conviction, and thus the conviction was properly counted.

For the foregoing reasons, the undersigned proposes that the presiding District Judge **FIND** that Movant's criminal history was properly calculated. It is respectfully **RECOMMENDED** that Movant's motion be denied.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(c) of the Federal Rules of

Criminal Procedure, the parties shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendations and to mail a copy of the same to Movant and to counsel of record.

    January 9, 2009
           Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge